UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Sara Kim and Angelo Duva,

                Plaintiffs,

   –against–

Stephen Choi, Christine Tripi, and St. Vince Group LLC
d/b/a East Village Tavern d/b/a Day Tripper,

                Defendants.

Index No. 19 CV 8911

**COMPLAINT**

---

Plaintiffs Sara Kim and Angelo Duva (collectively and individually, "Plaintiffs"), by their undersigned attorney, The Law Offices of Scott Caplan, P.C., for their Complaint against defendants Stephen Choi, Christine Tripi, and St. Vince Group LLC, allege as follows:

### Nature of the Action

1. Through their labor Plaintiffs were each employees of, and through their respective $26,500 capital investments Plaintiffs were each members with a 15% ownership interest in, Defendant St. Vince Group LLC (the "Company"), which operates a restaurant at 158 Avenue C, New York, NY. This is an action for violations of Plaintiffs' rights under the wage and hour laws, and to enforce certain rights under the Company's operating agreement and under New York law, including rights of access to Company books and records.

2. In 2017, Defendant Stephen Choi offered Plaintiffs to join his team to start a new restaurant in the East Village. Plaintiffs both had experience working in the restaurant industry. Choi presented the offer as an opportunity for Plaintiffs Kim and Duva to work their way into ownership.

1

3.  On information and belief, however, Choi hid his true intentions: taking Plaintiffs' hard-earned savings to launch a restaurant, and taking advantage of their zeal to build a profitable business in order to get their labor for a song.

4.  In December 2018, when Plaintiffs asked why they were not receiving distributions from what appeared to them a profitable business, Choi informed them their services were no longer required and began trying to negotiate a nominal buyout of their interests, so that he could turn around and sell those interests to new "investors." Since then, Choi and his co-defendant Christine Tripi have repeatedly told Plaintiffs that the business is underwater and offered to buy their shares back for nothing or next to nothing, but Defendants have refused to produce adequate documentation. In the meantime, the Company is still operating, and on information and belief doing so at a profit.

5.  This action seeks recovery of unpaid minimum wages under federal and state law for Plaintiffs' work for Choi and the Company. This action also seeks access to Company books and records as provided for by both the Company's operating agreement and New York law.

6.  On information and belief, Plaintiffs have additional claims against Defendants Choi and Tripi, both individually and derivatively on behalf of the Company. Plaintiffs intend to amend their Complaint once access to Company books and records confirms their additional claims.

**Parties**

7.  Plaintiff Sara Kim is a resident and citizen of the State of California.

8.  Plaintiff Angelo Duva is a resident and citizen of the State of New York.

9. On information and belief, Defendant Stephen Choi is a resident and citizen of the State of New York.

10. On information and belief, Defendant Christine Tripi is a resident and citizen of the State of New York.

11. Defendant St. Vince Group LLC is a limited liability company organized under the laws of the State of New York, with its principal place of business at 158 Avenue C, New York, NY 10009.

**Jurisdiction and Venue**

12. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

13. Venue is proper in this Court and vicinage, because Plaintiffs were employed by Defendants in Manhattan, and a substantial part of the events or omissions giving rise to their claims took place at the restaurant located at 158 Avenue C, in Manhattan.

**Factual Allegations**

Plaintiffs Become Members of the Company

14. Plaintiffs agreed to go into business with Defendant Stephen Choi and his partner Christine Tripi. In December 2017, the four business partners—Defendants Choi and Tripi, and Plaintiffs Kim and Duva—entered into an LLC operating agreement (the "Operating Agreement") to govern the affairs of the Company.

15. On or about January 2, 2018, each Plaintiff contributed $26,500 from their respective savings in order to purchase a 15% interest in St. Vince Group, LLC.

16.  According to the Operating Agreement, Choi was the General Manager of the Company and owned a 51% interest in the Company. Tripi owned a 19% interest in the Company. As set forth below, however, Choi has reported conflicting information to the IRS.

17.  Whereas Plaintiffs received their interests in the Company entirely in return for their cash capital contributions, according to the Operating Agreement Choi and Tripi received their respective interests in exchange for a combination of services and property. Tripi also promised to act as a "cash guarantor." The Operating Agreement identifies Choi and Tripi as Managers of the Company.

18.  On or about March 30, 2018, Choi purported to have sold 15% of the Company to Miguel Vazquez ("Vazquez"), whom he brought in as a "general manager" at the restaurant (not to be confused with the roles of General Manager or Manager used in the Operating Agreement, which belonged to Choi and Tripi, respectively).

19.  Plaintiffs lack adequate information to determine whether the transaction with Vazquez complies with the Operating Agreement. Plaintiffs lack adequate information to determine if this transaction constituted a transfer of a portion of Choi's membership interests or merely a transfer of a portion of Choi's right to receive distributions.

20.  In any event, after the transaction, Choi informed the Members of the Company that the Company's ownership was as follows: Choi 36%; Tripi 19%; and Kim, Duva, and Vazquez 15% each. Because Choi no longer enjoyed a 51% interest, he informed the Members: "As you can see now no one holds majority vote anymore so from here on we will have to formally vote on situations regarding St. Vince Group LLC."

21.  Choi reported different percentages, however, to the IRS. In or about March 2019, while Plaintiffs were negotiating a buyout of their respective interests in the Company with

Defendants, Plaintiffs learned that Choi had authorized the submission of a Form 1065 on behalf of the Company with five K-1 Schedules attached. These schedules reflected different ownership percentages of the Company. Specifically, Choi reported to the IRS that Choi held only a 4% interest, Vazquez held a 15% interest, and Tripi held a 51% interest. Plaintiffs' interests were accurately reported as 15% each.

The Restaurant Opens. Choi and the Company Fail to Pay Plaintiffs a Minimum Wage.

22. The Operating Agreement identifies Kim and Duva's contributions as consisting exclusively of cash, not services. The Operating Agreement also expressly contemplates that Members could be employees of the Company, and provides that any such employment would be at-will.

23. In addition to their roles as members of the Company, it was agreed that Plaintiffs Kim and Duva would work for the Company. They were employed in various roles, including most often taking turns working the bar as bartenders and as shift managers.

24. It was expressly agreed that Kim and Duva were to be paid for this work.

25. At all relevant times, Choi exercised complete control over the terms of Plaintiffs' employment.

26. The restaurant opened on or about July 4, 2018 under the name East Village Tavern. Per the parties' agreement, Choi initially paid Plaintiffs, or caused them to be paid, for their labor.

27. On or about August 24, 2018, however, Choi sent a text message to several individuals, including Plaintiffs, informing them, "As of today and moving forward we as owners CAN NOT be getting paid."

28. On or about November 23, 2018, Choi sent a text message to all bartenders at the restaurant, including Plaintiffs, that "Starting Monday 11/26 Bartenders/Servers you will take your tip money in cash nightly."

29. From the time the restaurant opened until approximately December 13, 2018, Kim and Duva continued to work at the restaurant, and Choi accepted their services, both individually and on behalf of the Company.

30. Choi and the Company failed to pay Plaintiffs a minimum wage under both state and federal law. Plaintiffs do not have adequate records to determine with certainty the amount of their unpaid wages but estimate that Plaintiff Kim has not been paid for at least 315 hours of work, and that Plaintiff Duva has not been paid for at least 500 hours of work.

31. Choi and the Company failed to pay Plaintiffs spread of hours wages on days that Plaintiffs worked more than 10 hours from start to finish.

<u>After Plaintiff Duva Raises Questions about Company Finances, Choi Fires Plaintiffs, Refuses to Provide Financial Information, and Prevents Their Access to Company Records</u>

32. On or about December 10, 2018, at a meeting of the Company's Members, Plaintiff Duva raised concerns about a lack of transparency in the Company's financials. Duva also complained about certain irregularities he had identified based on the information he had access to, including the Company's point-of-sale ("POS") system records.

33. The POS system tracks almost all of the Company's revenue, whether by cash or credit card. In addition, the Company uses the POS system to keep track of employee time.

34. Beginning as early as August 2018, the Company was realizing approximately $10,000 to $13,000 in weekly revenue based on POS sales alone. Based on the Company's

6

revenue and what Duva knew about the Company's costs, the restaurant should have been profitable, but Plaintiffs were not seeing any distributions from the business.

35. Instead of providing the transparency Plaintiffs were entitled to under the Operating Agreement and the New York LLC Act, on or about December 13, 2018, Choi messaged Vazquez, Plaintiffs Kim and Duva, and Defendant Tripi:

> To all members of St. Vince Group
>
> I am the "managing member" with full authority to operationally run East Village Tavern without any distractions or interference from anyone including St Vince Group members. I am responsible and without limitation for all business matters pertaining to East Village Tavern from day to day operations to preparing P & L statements.
>
> Every other member is NOT a "managing member" and is limited to getting monthly P & L statements & profit sharing with no other rights that a managing member has.
>
> As of today, December 13, 2018, I will not be holding meeting with members on Mondays any longer, and I will no longer need any assistance from any members, so if you're opening or closing EVT you no longer will be doing that or any other work you may be performing for EVT. If I do ask for assistance, you have no obligation to do so and you can decline to assist.

36. On or about December 31, 2018, Choi informed Plaintiffs that he and Tripi would thenceforth be compensated $1,000 per week—each—for their services. Around the same time, Choi had fired Vazquez, who was being paid less than $1,000 per week for his services.

37. On or about January 2, 2019, after issuing themselves this salary, Defendants Choi and Tripi purported to issue the Members a capital call. This purported capital call did not comply with the Operating Agreement.

38. On information and belief, this capital call was made in bad faith, and no Member of the Company paid it.

39. Around the same time, Choi and/or Tripi changed the passwords on the login for the POS system and changed the locks to the restaurant itself.

40. Since then, Plaintiffs have tried on multiple occasions to negotiate a buyout of their membership interests in the Company. In these negotiations, Choi and Tripi have repeatedly asserted to Plaintiffs that the Company is underwater, but have refused to provide records sufficient to demonstrate these assertions.

41. On information and belief, the Company has been performing well enough to generate a profit.

42. The restaurant is still in operation, although it recently rebranded itself on social media as being under new management under the name Day Tripper.

43. Defendants provided no advance notice to Plaintiffs of any change in management or change to the Company's structure.

44. On information and belief, the Company is still on the restaurant's liquor license.

45. On information and belief, Choi and Tripi are still managing the restaurant. On information and belief, the name Day Tripper is a reference to Defendant Tripi's name.

46. On information and belief, the Company is profitable, but Defendants have caused the Company to stop paying rent in order to manufacture the appearance that the Company is not. The Company enjoys a favorable lease with a 10-year term.

47. On September 4, 2019, Defendants caused an additional notice to be sent to Plaintiffs purporting to request an additional capital call. Like the January 2, 2019 capital call, the September 4, 2019 notice does not comply with the Operating Agreement and is ultra vires.

48. On information and belief, the September 4, 2019 notice was issued in a bad-faith attempt to pressure Plaintiffs to surrender their interests for a nominal buyout.

49. Plaintiffs are entitled to reasonable access to the Company's books and records, as provided for in § 8.2 of the Operating Agreement and § 1102 of the New York Limited Liability Company Law.

**First Cause of Action**
(State and Federal Wage and Hour Violations)
(Against Defendants St Vince Group LLC and Stephen Choi)

50. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51. From the time the restaurant opened on or about July 4, 2018 until Plaintiffs' employment was terminated on or about December 13, 2018, Plaintiffs were employees of the Company within the meaning of both the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the New York Labor Law.

52. From the time the restaurant opened on or about July 4, 2018 until Plaintiffs' employment was terminated on or about December 13, 2018, Plaintiffs were employees of Choi within the meaning of both the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the New York Labor Law.

53. Defendants Stephen Choi and the Company failed to pay Plaintiffs wage supplements in the form of unreimbursed expenses in an amount to be determined at trial.

54. At all relevant times, Plaintiffs were engaged in commerce and/or were employed in an enterprise engaged in commerce.

55. Defendants St. Vince Group LLC and Stephen Choi have failed to timely pay Plaintiffs a minimum wage under the Fair Labor Standards Act, 29 U.S.C. § 206, and have willfully withheld Plaintiffs' wages in violation of Article 6 of the New York Labor Law.

56. As a result of Defendants' violations, Plaintiffs are entitled to payment of their unpaid minimum wages and wage supplements under both state and federal law, amounts to be determined at trial but presently estimated to be no less than $6,500 for Plaintiff Duva and $4,100 for Plaintiff Kim.

57. As a result of Defendants' violations, Plaintiffs are entitled to liquidated damages equal to the amount of wages and/or wage supplements withheld, statutory interest under the Labor Law, and reasonable attorneys' fees under both state and federal law.

58. On information and belief, Defendants failed to provide Plaintiffs with the notices required by N.Y. Labor Law § 195 for more than 20 work days. As a result, Defendants are liable to each Plaintiff in the amount of $5,000 plus costs and reasonable attorney's fees pursuant to N.Y. Labor Law § 198(1-d).

**Second Cause of Action**
(Breach of Operating Agreement)
(Against all Defendants)

59. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 58 as if fully set forth herein.

60. The Operating Agreement constitutes a valid and enforceable agreement between Plaintiffs and each of the Defendants.

61. Section 8.2 of the Operating Agreement provides that the "Company's books and records shall be available for inspection and copying (at such Member's cost) at reasonable times during business hours by each or any Member or its duly authorized agent or representative for a purpose reasonably related to such Member's Interest in the Company."

62. Plaintiffs have repeatedly requested access to Company books and records sufficient to demonstrate the Company's costs and revenues. This information is reasonably related to Plaintiffs' interests in the Company.

63. This information is readily accessible in electronic format through the POS system, which captures most, if not all, of the Company's revenue, and through the Company's bank and credit card statements, which capture most, if not all, of the Company's costs.

64. Defendants have refused to provide sufficient access to Company books and records to demonstrate the Company's costs and revenues. At the same time, Defendants have repeatedly asserted to Plaintiffs that the Company is at best worthless, despite the Company's continued operation.

65. Plaintiffs are entitled to specific performance of Section 8.2 of the Operating Agreement.

66. This action is necessary to enforce Plaintiffs' rights under Section 8.2 of the Operating Agreement.

67. Under Section 11.10 of the Operating Agreement, Plaintiffs are entitled to reasonable attorneys' fees, costs, and disbursements in addition to relief enforcing their rights under Section 8.2 of the Operating Agreement.

**Third Cause of Action**
(Right of Access under N.Y. Lim. Liab. Co. § 1102)
(Against Defendant St. Vince Group LLC)

68. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 67 as if fully set forth herein.

69. Under § 1102 of the New York Limited Liability Company Act, the Company must provide to Plaintiffs access to Company books and records sufficient to demonstrate the

Company's costs and revenues. This information is reasonably related to Plaintiffs' interests in the Company.

70. At the Managers' direction, the Company has refused to do so.

## Jury Demand

71. Plaintiffs demand a trial by jury on all claims so triable pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution.

## Demand for Relief

Wherefore, Plaintiffs Sara Kim and Angelo Duva demand judgment against Defendants Stephen Choi, Christine Tripi, and St Vince Group LLC as follows:

(a) awarding Plaintiffs compensatory, statutory, and liquidated damages to be paid by Defendants Stephen Choi and St. Vince Group LLC in an amount to be determined at trial, but presently estimated to be no less than $31,000;

(b) awarding Plaintiffs access to Company books and records sufficient to show the Company's revenues and costs;

(c) awarding Plaintiffs interest, reasonable attorneys' fees, costs, and disbursements as provided for by law and by the Operating Agreement; and

(d) awarding Plaintiffs such other and further relief as this Court deems necessary and proper.

Dated: September 25, 2019  
New York, New York

The Law Offices of Scott Caplan, P.C.

By: /s/ Scott Caplan  
Scott Caplan

34-18 Northern Blvd., Ste. B28  
Long Island City, NY 11101  
(929) 344-5545  
scott@scottcaplanlaw.com

*Attorney for Plaintiffs Sara Kim and Angelo Duva*