# THE LAW OFFICES OF SCOTT CAPLAN, P.C.

| 34-18 Northern Blvd., Ste. B28 | Tel: (929) 344-5545 | scott@scottcaplanlaw.com |
| Long Island City, NY 11101 | Fax: (929) 344-5546 | |

<div style="color:red; text-align:center;">**MEMO ENDORSED**</div>

August 26, 2020

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, New York 10007

By ECF

> **SO ORDERED.**
>
> Application **GRANTED**. Accordingly, ECF 43 is denied as moot.
>
> _____
> **Ona T. Wang**         8/27/20
> United States Magistrate Judge

Re:     <u>Kim v. Choi et al., Case No. 19 CV 8911 (OTW)</u>

Dear Judge Wang:

This firm represents the Plaintiffs, Sara Kim and Angelo Duva, in the above-referenced action. On August 24, 2020, I learned that on August 6, 2020, Defendant Christine Tripi filed a petition for Chapter 7 bankruptcy. *See* Case No. 20-42882 (Bankr. S.D.N.Y. Aug. 6, 2020). The Plaintiffs respectfully request a one-week extension of the deadline to file an application for *Cheeks* approval of the Settlement Agreement in order to determine whether the automatic stay under the Bankruptcy Code, 11 U.S.C. § 362, poses an obstacle to their intended *Cheeks* application. The current deadline is August 26, 2020 and the proposed deadline is September 2, 2020. This is the second request for an extension of this deadline. Defendants do not oppose the request. The Settlement Agreement is fully executed and is attached to this letter as **Exhibit 1**.

On July 15, 2020, during a mediation session held through the Court's mediation program, the parties reached an agreement in principle to resolve the FLSA claims in this case and proceed with state-law claims in state court. On July 16, 2020, the parties informed the Court of this agreement in principle and requested until August 21, 2020 to paper the settlement and submit a *Cheeks* application. (Dkt. 41.) On July 22, 2020, the Court ordered the parties to submit their *Cheeks* application by August 21, 2020 and directed the parties to consider whether a *Cheeks* application is necessary. (Dkt. 42.)[1] On August 6, 2020, Ms. Tripi filed a petition for Chapter 7 bankruptcy. On August 9, 2020, the Bankruptcy Court sent an automatic notice to the Plaintiffs to my attention. I received this notice on August 24, 2020, which is when I first became aware that Ms. Tripi had filed for bankruptcy.

---

[1] Because defendant St. Vince Group, LLC has defaulted for lack of counsel, the agreement cannot be structured to proceed by Rule 68.

Hon. Ona T. Wang
August 26, 2020
Page 2

On August 20, 2020, the parties agreed on the final wording of the Settlement Agreement and began the process of executing it. Plaintiffs executed the Settlement Agreement on August 20. On August 21, 2020, Defendant Choi requested additional time to execute the Settlement Agreement, as it includes a confession of judgment, which he was required to sign before a notary. Plaintiffs requested an extension of the *Cheeks* application deadline until today, August 26, to accommodate this request. (Dkt. 43.) Defendants provided their signature pages, including a notarized copy of the executed affidavit, earlier today, August 26.

Plaintiffs believe that the automatic stay under 11 U.S.C. § 362 does not prevent the Rule 41 dismissal of this action. While the FLSA portion of the settlement does require *Cheeks* approval, there is no FLSA claim against Ms. Tripi, and the settlement agreement provides that all non-FLSA claims be dismissed without prejudice. Courts have held under similar circumstances that Rule 41 dismissals are not prohibited by the Bankruptcy Code's automatic stay. *See, e.g.*, *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F. Supp. 226, 228 (S.D.N.Y. 1994) ("unilateral dismissal of a claim against a bankrupt under [Rule] 41 or its equivalent by agreement and judicial approval assists rather than interferes with the goals of Chapter 11"). However, out of an abundance of caution and in order to avoid a rushed determination, Plaintiffs respectfully request a one-week extension of the deadline to give the issue further consideration before filing their *Cheeks* application.

Respectfully submitted,

/s/ Scott Caplan

Scott Caplan

Enclosure

cc: (By E-mail)
Ms. Susanne Keane, limited appearance *pro bono* counsel for Defendants
(skeane@nylag.org)

(By ECF)
Stephen Choi and Christine Tripi, *pro se* Defendants

# Exhibit 1

## Settlement Agreement

This Settlement Agreement (the "Settlement Agreement") is made as of August 26, 2020 by and among Sara Kim ("Plaintiff Kim") and Angelo Duva ("Plaintiff Duva") on the one hand, and Stephen Choi ("Defendant Choi"), Christine Tripi ("Defendant Tripi"), and St. Vince Group LLC d/b/a East Village Tavern d/b/a DayTripper ("LLC Defendant") on the other. Plaintiff Kim and Plaintiff Duva are collectively and individually referred to as "Plaintiffs." Defendant Choi, Defendant Tripi, and the LLC Defendant are collectively and individually referred to as "Defendants." Plaintiffs and Defendants are collectively referred to as the "Parties."

**WHEREAS,** Plaintiffs filed suit against Defendants on September 25, 2019 asserting minimum wage claims under the federal Fair Labor Standards Act and certain claims under state law, including state-law minimum wage claims, and also stating Plaintiffs' intent to amend their complaint to assert additional claims once confirmed by discovery;

**WHEREAS,** Plaintiffs' suit is currently pending before the United States District Court for the Southern District of New York (the "District Court") under the index number 19 CV 8911 (OTW) (the "Pending Action");

**WHEREAS,** the Parties are willing to compromise and settle Plaintiffs' FLSA claims and allow for state-court adjudication of Plaintiffs' state-law claims;

1

**NOW, THEREFORE**, the Parties agree as follows:

1. Submission to the Court

1.1. Pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), the Parties shall submit this Settlement Agreement to the District Court for the Court's review and approval. If the District Court approves the Settlement Agreement, the Settlement Agreement shall become immediately effective from the date of the Court's approval (the "Effective Date").

1.2. If the District Court rejects this Settlement Agreement, it shall become null and void.

2. Affidavit of Judgment by Confession and Stipulation of Dismissal

2.1. Within fourteen days of the Effective Date, Defendant Choi shall execute an affidavit in the form of **Exhibit A** ("Confession of Judgment Affidavit"), admitting the LLC Defendants' liability to Plaintiffs in the amount of $11,000. All Defendants agree that Defendant Choi has the power and authority to execute the Confession of Judgment Affidavit on behalf of the LLC Defendant.

2.2. Within fourteen days of the execution of the Confession of Judgment Affidavit, the Parties shall execute, and Plaintiffs' counsel shall file, a stipulation in the form of **Exhibit B** ("Stipulation of Dismissal").

3. <u>Limited Release of FLSA Claims and Consent to Electronic Service in State-Court Action</u>

3.1. Except for the terms and conditions of this Settlement Agreement, and in consideration of the Confession of Judgment Affidavit, the provisions of this Settlement Agreement and other good and valuable consideration, Plaintiffs hereby release each of the Defendants from any claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") arising prior to the execution date of this Settlement Agreement.

3.2. Defendants expressly acknowledge and understand that Plaintiffs' release does not extend to any other claims, and that Plaintiffs intend to pursue their state-law claims against each of the Defendants—including, but not limited to, their state-law minimum wage claims—in state court.

3.3. The Parties agree that neither this Settlement Agreement nor the dismissal of the Pending Action shall have any preclusive effect on any unreleased claims. The dismissal of the Pending Action shall be with prejudice only as to Plaintiffs' FLSA claims.

3.4. In any subsequent state-court action by one or both Plaintiffs, Defendant Tripi hereby agrees, on behalf of herself and on behalf of the LLC Defendant, to accept service of papers sent by e-mail to the address christinetripi@gmail.com, if such action is commenced within six months of the dismissal of the Pending Action.

3

3.5. In any subsequent state-court action by one or both Plaintiffs, Defendant Choi hereby agrees to accept service of papers sent by personal delivery, certified mail (postage prepaid), or overnight courier, to 77 Christina Street, Little Ferry, NJ 07643, if such action is commenced within six months of the dismissal of the Pending Action.

4. <u>Miscellaneous</u>

4.1. The Parties recognize and acknowledge that this Settlement Agreement reflects a compromise of Plaintiffs' FLSA claims and an agreement to defer all other claims to state-court litigation.

4.2. The Confession of Judgment Affidavit, which is an integral part of this Settlement Agreement, must be executed in a manner that complies with New York law regarding the execution of affidavits. All other parts of this Settlement Agreement may be executed in counterparts, including facsimile or e-mail counterparts, each of which when duly executed shall be deemed an original and all of which shall be construed together as one agreement.

4.3. Defendants Choi and Tripi each represent and warrant that they have full power, capacity, and authority, on their own behalves and on behalf of the LLC Defendant, to execute, deliver, and perform all actions required under this Settlement Agreement.

**IN WITNESS WHEREOF**, the Parties have agreed to and executed this Settlement Agreement as of the date first above written.

**Individually**
By: ___*Sara Kim (Aug 20, 2020 16:46 PDT)*___
      Sara Kim

Dated: 08/20/2020

**Individually**
By: ___*Angelo duva (Aug 20, 2020 16:12 EDT)*___
      Angelo Duva

Dated: 08/20/2020

**Individually and on behalf of St. Vince Group, LLC**
By: _____
      Stephen Choi, Managing Member

Dated: _____

**Individually and on behalf of St. Vince Group, LLC**
By: _____
      Christine Tripi, Managing Member

Dated: _____

5

IN WITNESS WHEREOF, the Parties have agreed to and executed this Settlement Agreement as of the date first above written.

**Individually**
By: _____
    Sara Kim

Dated: _____

**Individually**
By: _____
    Angelo Duva

Dated: _____

**Individually and on behalf of St. Vince Group, LLC**
By: _____*[signature]*_____
    Stephen Choi, Managing Member

Dated: 8/24/2020

**Individually and on behalf of St. Vince Group, LLC**
By: _____
    Christine Tripi, Managing Member

Dated: _____

5

**IN WITNESS WHEREOF**, the Parties have agreed to and executed this Settlement Agreement as of the date first above written.

**Individually**
By: _____
    Sara Kim

Dated: _____

**Individually**
By: _____
    Angelo Duva

Dated: _____

**Individually and on behalf of St. Vince Group, LLC**
By: _____
    Stephen Choi, Managing Member

Dated: _____

**Individually and on behalf of St. Vince Group, LLC**
By: *Christine Tripi*
    Christine Tripi, Managing Member

Dated: 8/25/2020

Case 1:19-cv-08911-OTW   Document 45-1   Filed 08/26/20   Page 10 of 14

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

Sara Kim and Angelo Duva,

                    Plaintiff,

    –against–

Stephen Choi, Christine Tripi, and St. Vince Group LLC d/b/a East Village Tavern d/b/a Day Tripper,

                    Defendants.

Case No. 19 CV 8911 (OTW)

**AFFIDAVIT OF CONFESSION BY JUDGMENT**

STATE OF _____ )
COUNTY OF _____ ) ss.:

Stephen Choi, being duly sworn, deposes and says:

1. I am one of the Defendants in the lawsuit captioned *Kim et ano. v. Choi et al.*, 19 CV 8911 (OTW) filed in the United States District Court for the Southern District of New York (the "SDNY Action").

2. I am a Managing Member of St. Vince Group, LLC (the "Company"), one of the other Defendants in the SDNY Action. I am duly authorized to make this affidavit on the Company's behalf.

3. I confess that the Company is liable to Sara Kim and Angelo Duva collectively in the amount of $11,000 under the terms of the Settlement Agreement entered into to resolve their claims arising under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

A-1

4. I authorize Sara Kim and Angelo Duva, or their counsel, to enter judgment in the amount of $11,000 upon this affidavit and an affidavit or affirmation confirming that the Settlement Agreement was approved by the Court in the SDNY Action.

5. The Company's principal place of business is 158 Avenue C, New York, New York. I authorize any judgment entered upon this affidavit to be entered in New York County.

_____
Stephen Choi,
Managing Member, St. Vince Group, LLC


STATE OF New York         )
COUNTY OF Rockland        ) ss.:

Sworn to before me this 24th day of August, 2020.

_____
NOTARY PUBLIC

BARBARA B. KUNAR
Notary Public, State of New York
No. 01KU6061272
Qualified in Rockland County
Commission Expires July 16, 2023

A-2

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

Sara Kim and Angelo Duva,

                Plaintiff,

        –against–

Stephen Choi, Christine Tripi, and St. Vince Group LLC d/b/a East Village Tavern d/b/a Day Tripper,

                Defendants.

Case No. 19 CV 8911 (OTW)

**PROPOSED STIPULATED ORDER OF DISMISSAL**

**WHEREAS**, all parties who have appeared in the above-captioned action reached an agreement in principle to resolve Plaintiffs' FLSA claims and facilitate the transfer of Plaintiffs' other claims to state court; and,

**WHEREAS**, Defendants Choi and Tripi have appeared in this action but Defendant St. Vince Group LLC is currently in default;

**WHEREAS**, Defendants Choi and Tripi represent that they have the authority to bind and act on behalf of Defendant St. Vince Group LLC; and,

**WHEREAS**, the Court has approved the terms of the parties' Settlement Agreement, which was submitted for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015);

**IT IS HEREBY ORDERED**, that:

1. This action is dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii);
2. Dismissal is with prejudice only with respect to Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; and,
3. Each side shall bear its own costs and attorneys' fees in connection with this action.

B-1

SO STIPULATED AND AGREED.

Dated: August 26, 2020
New York, New York

The Law Offices of Scott Caplan, P.C.
By: /s/ Scott Caplan
Scott Caplan

34-18 Northern Blvd., Ste. B28
Long Island City, NY 11101
(929) 344-5545
scott@scottcaplanlaw.com

*Attorney for Plaintiffs Sara Kim and Angelo Duva*

Dated: August 24, 2020
New York, New York

Stephen Choi
/s/ Stephen Choi

10 Ocean Parkway
Brooklyn, NY 11218
(646) 732-0398
stephen.choi88@gmail.com

Pro se *Defendant*

Dated: August 26, 2020

Christine M. Tripi
/s/ Christine Tripi

10 Ocean Parkway, Apt. E12
Brooklyn, NY 11218
(917) 693-9137
stvincegroupllc@gmail.com

Pro se *Defendant*

SO ORDERED.

Dated: _____
New York, New York

_____
Ona T. Wang
United States Magistrate Judge

B-2