**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
SARA KIM, et al.,

                Plaintiffs,                      19-CV-8911 (OTW)

           -against-

                                     **OPINION & ORDER**

STEPHEN CHOI, et al.,

                Defendants.

------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

In an Opinion & Order dated February 9, 2021 (the "First *Cheeks* Order"), the Court declined to approve the proposed settlement agreement (ECF 44-1) as fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Specifically, the Court could not fully evaluate the proposed range of recovery absent information regarding whether Plaintiffs' counsel intends on claiming a percentage of the settlement award for attorney's fees. Plaintiffs were granted leave to renew their application for approval of the settlement agreement, but were instructed to include information regarding attorney's fees and whether Plaintiffs' counsel intends on claiming a percentage of the settlement award. (ECF 48 at 5, 7). Plaintiffs' counsel filed a letter providing such information. (ECF 49). After considering the additional information provided by Plaintiffs' counsel, the Court now approves the settlement in this matter.

1

I. Discussion[1]

   a. **Range of Recovery**

As detailed in the First *Cheeks* Order, the Plaintiffs allege damages of at least $6,500 for Plaintiff Duva and $4,100 for Plaintiff Kim, and a total "estimated to be no less than $31,000" after accounting for liquidated and statutory damages. (Compl. ¶¶ 56, 71; ECF 46 at 4). The proposed settlement agreement resolves Plaintiffs' Fair Labor Standards Act ("FLSA") claims in exchange for a confession of judgment in the amount of $11,000. (ECF 44-1; ECF 46 at 2-4). If there is an actual recovery "against the confession of judgment or otherwise," Plaintiffs' counsel will take $3,225.65, i.e. 33% of the potential recovery, net of costs. (ECF 49 at 1). Costs in this action have been $1,225.30. (*Id.*). The remaining $6,549.05 represents about 62% of the actual damages asserted by Plaintiffs and is approximately 21% of the stated damages inclusive of liquidated and statutory damages.[2]

Additionally, the confession of judgment carries "informational value to Plaintiffs," as they "may use the enforcement mechanisms of [Article 52 of the New York Civil Practice Law and Rules ('CPLR')] to obtain information that will make discovery less burdensome in subsequent litigation." (ECF 46 at 4; ECF 49 at 2). Given the significant burden and risks of litigation noted in the First *Cheeks* Order (ECF 48 at 5-6) and non-monetary benefits of the confession of judgment, the Court finds the range of recovery to be reasonable.

---

[1] In the First *Cheeks* Order, the Court laid out the relevant facts and engaged in a full *Cheeks* analysis. (ECF 48). The Court now assumes familiarity with the facts of the case and only discusses the factors it could not fully evaluate in the First *Cheeks* Order: (a) range of recovery and (b) attorney's fees.

[2] As noted in the First *Cheeks* Order, when examining the proportion of recovery, I concur with the commonly-employed approached of looking at what Plaintiffs would receive rather than the total settlement amount. (ECF 48 at 5 n.3) (collecting cases).

### b. Attorney's fees

In their first *Cheeks* application, Plaintiffs' counsel stated that no fees application is made in connection with the settlement and each side shall bear their own attorney's fees and costs. (ECF 46 at 4). In the renewed application, Plaintiffs' counsel clarified that he represents Plaintiffs on a contingency basis and "Plaintiffs have no obligation to pay [counsel] absent an actual recovery, against the confession of judgment or otherwise." (ECF 49 at 1). As stated above, upon any recovery, Plaintiffs' fee would be $3,225.65, i.e. 33% or approximately one third of the potential recovery, net of costs ($1,225.30). "While Plaintiffs' counsel have not submitted billing records, . . . I find that I can make a determination regarding the reasonableness of the fee award without requiring counsel to submit further documentation." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015); *see Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorney's fee to be paid by the defendant").

As an initial matter, courts in this district regularly approve attorney's fees of one-third of the settlement amount in FLSA cases. *See Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, No. 15-CV-6848 (KBF), 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *1 n.1 (S.D.N.Y. Aug. 31, 2015) ("[A]ttorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs."). Plaintiff's counsel has represented Plaintiffs since the suit was filed on September 25, 2019 and

reports having spent 139 hours on the matter. (ECF 49 at 1). While this case is at an early stage, Plaintiff's counsel has at least spent time, *inter alia*, investigating and researching Plaintiffs' claims, participating in a court conference and mediation, and preparing the settlement agreement and *Cheeks* applications. Moreover, because hourly rates of approximately $150 to $450—depending on experience—for attorneys working on FLSA litigation are typically approved in this district, a one-third award represents modest compensation for the work put into this case. *See Perez v. Eons - Greek Food for Life*, LLC, No. 20-CV-1121 (AT), 2020 WL 8768085, at *2 (S.D.N.Y. Aug. 12, 2020); *Meza*, 2015 WL 9161791, at *2.[3] Based on this analysis, I find any attorney's fees contemplated in the settlement agreement to be fair and reasonable.

## II. Conclusion

For the foregoing reasons, the Court approves the settlement in this matter. Plaintiffs' FLSA claims are dismissed with prejudice. Plaintiffs' remaining claims, which are not subject to *Cheeks*, are dismissed without prejudice.[4] The Clerk of Court is directed to close all open motions and close the case.

**SO ORDERED.**

Dated: May 4, 2021  
New York, New York

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge

---

[3] Even if I apply the low end of the hourly rate range, Plaintiffs' counsel would be compensated for a relatively small amount—approximately 22 hours—of work.

[4] The parties agreed that all non-FLSA claims, including those against Defendant Tripi, shall be dismissed without prejudice. (ECF 44-1). As explained in the First *Cheeks* Order, because dismissal of Plaintiffs' non-FLSA claims do not require court approval and no FLSA claims are brought against Defendant Tripi, the Court has not evaluated any agreements between Plaintiffs and Defendant Tripi. (ECF 48 at 1 n.1) (citing *Chowdhury v. Brioni Am., Inc.*, No. 16-CV-344 (HBP), 2017 WL 5953171, at *5-6 (S.D.N.Y. Nov. 29, 2017)).